FILED
SUPERIOR COURT
OF GUAM

2023 MAR 14 PM 4:00

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| THE PEOPLE OF GUAM, | Case No. CF0418-22 |
| vs. | |
| DAVID BEN GOGUE CRUZ, DOB: 10/30/1991 | **DECISION AND ORDER** (**Finding Defendant Not Competent to Stand Trial and Accepting Plea of Not Guilty By Reason of Mental Illness, Disease, or Defect**) |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on December 20, 2022, for a Competency Hearing. Assistant Public Defender David Highsmith appeared for David Ben Gogue Cruz ("Defendant"). Assistant Attorney General Sean Brown appeared for the People of Guam ("People"). Having considered Defendant's Forensic Evaluation, the arguments, and the applicable law, the Court hereby **finds Defendant not competent to stand trial and accepts Defendant's plea of Not Guilty by Reason of Mental Illness, Disease, or Defect.**

## BACKGROUND

On June 23, 2022, the Grand Jury indicted Defendant on the following charges: (1) Two Counts of First Degree Criminal Sexual Conduct (As a First Degree Felony) and (2) Second Degree Criminal Sexual Conduct (As a First Degree Felony). Indictment, June 23, 2022. Guam Police Department ("GPD") records indicate the victim—a minor—reported

Defendant touched her breasts, vaginal areas, and forced her to perform sexual acts. Mag. Complaint, June 16, 2022.

On September 29, 2022, Defendant pled Not Guilty by Reason of Mental Illness, Disease, or Defect. Minute Entry, Sept. 29 2022. Pursuant to 9 G.C.A. § 7.25, the Client Services and Family Counseling Division of the Superior Court of Guam ("CSFC") arranged for Defendant to undergo a forensic evaluation with a qualified psychologist. Order for Forensic Evaluation, Sept. 29, 2022. On October 18, 2022, Defendant underwent his forensic evaluation with Dr. Juan Rapadas, an expert clinical psychologist at CSFC. Forensic Evaluation at 2, Oct. 20, 2022. The Court held a hearing on December 20, 2022, to determine Defendant's competency to stand trial. Minute Entry, Dec. 20, 2022. After hearing the arguments of the parties, the Court found Defendant not competent to stand trial and transferred his case to Mental Health Court.

## DISCUSSION

"A defendant is incompetent to be proceeded against in a criminal action if, as a result of mental illness . . . he is unable (1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." 9 G.C.A. § 7.37(a)(1)–(4).

Defendant was basically oriented to time, person, place, and object throughout the forensic evaluation. Forensic Evaluation at 5. Defendant's flow and speech quality were slow. *Id.* Defendant lacked a rational factual understanding of the proceedings against him, and could not fully articulate his current charges. *Id.* at 7. Defendant was able to detail some aspects of his childhood, family life, education, and work history. *Id.* at 3.

It is noteworthy that Defendant was diagnosed with ADHD and Bipolar disorder as an older teen, and was prescribed Depakote, Zyprexa, and Adderall. *Id.* at 3. Defendant is currently taking Zyprexa. *Id.* at 8. Dr. Rapadas diagnosed Defendant with Moderate Intellectual Disability. *Id.* at 9. During school, Defendant was under Special Education services. *Id.* at 3. Defendant was previously a ward of the Office of the Guardian and previously resided at Guma Bethesda. *Id.* Defendant has received psychiatric and counseling services from GBHWC sporadically since 2016. *Id.* Defendant was seen previously for two forensic evaluations in CF0043-21. *Id.* at 2. The first forensic evaluation occurred in February 2019, and Defendant was found not competent to be proceeded against. *Id.* The Court ordered a second forensic evaluation in December 2019 to determine if Defendant was restored to competency. *Id.* Defendant was determined to still be not competent to be proceeded against, and CF0043-21 was closed. *Id.* at 2–3. In 2007, Defendant pled guilty to First Degree Criminal Sexual Assault (As a First Degree Felony) in CF0594-07. *Id.* at 5. Defendant spent one year incarcerated and two years on probation for that case. *Id.*

In 2019, Defendant was administered the Kaufman Brief Intelligence Test ("KBIT-2"), which is a brief, individually administered measure of verbal and non-verbal intelligence. *Id.* The test administration and scores are still valid. *Id.* KBIT-2 consists of three scores: verbal, non-verbal, and overall composite score of the IQ. *Id.* at 6. Defendant's composite IQ score was 40, his verbal score was 40, and his non-verbal score was 40. *Id.* These scores are in the lower extreme range and have an age equivalent of less than five years old. *Id.* Defendant scored better than less than 0.1 percent of his peers. *Id.* Defendant did not appear to be malingering; these scores are likely an accurate representation of his cognitive and intellectual capabilities. *Id.*

During the forensic examination, Defendant underwent a mini-mental examination ("MMSE"), which is a brief test used to gage the Defendant's current orientation, object registration, attention, language recognition, and ability to recall. *Id.* at 6. Defendant scored 19/30 on the MMSE, which was well below the cutoff score of 23 and shows a poor overall mental status. *Id.* This score indicates Defendant is likely suffering from overall cognitive weaknesses or memory problems. *Id.*

Additionally, Defendant was given the Inventory of Legal Knowledge ("ILK"), which is an instrument used by forensic psychologists to help in assessing response styles of defendants undergoing evaluations for adjudicative competence. *Id.* at 6. Defendant scored a 23 with a Binomial *p* value or 0.0361. *Id.* at 7. This score suggests Defendant was either feigning his deficits in his legal knowledge, or he genuinely does not understand the meaning of some words and his comprehension is significantly impaired. *Id.* Dr. Rapadas states that given Defendant's KBIT-2 IQ score, MMSE score, history of special education, and the observations of Defendant from his third-party custodian and GBHWC counselor, it is likely that Defendant genuinely does not understand the meaning of some words and his comprehension is significantly impaired. *Id.* Dr. Rapadas notes that Defendant's ILK score is consistent with all information gathered about Defendant. *Id.*

Defendant's understanding of the criminal proceedings was also deficient. He could not articulate the basic responsibilities of the prosecutor or the judge. *Id.* at 8. Additionally, Defendant could not definitively state what would happen if he were to plead guilty. *Id.* Dr. Rapadas states that Defendant does not seem to have a rational and factual understanding of the proceedings against him, and Defendant disputes "some of the basic facts of the current

allegations and does not appear to be able to rationally defend his actions even with the assistance of counsel." *Id.* at 7–8.

Taking all data in total, Defendant is currently not competent to be proceeded against or to be sentenced. Dr. Rapadas stated that "[i]t seems unlikely that [Defendant] was malingering as it seems that his past cognitive, academic, and psychiatric dysfunctions are well documented by several government agencies, including DYA, GBHWC, DOE, and the Public Guardian." *Id.* Defendant's low KBIT-2, MMSE, and ILK results indicate he is struggling with major cognitive weaknesses and memory problems. Dr. Rapadas notes that "[Defendant] has never been able to establish a viable, independent, and organized life." *Id.* It is clear that Defendant does not understand the legal proceedings against him. Therefore, Defendant cannot meaningfully participate in building his legal defense strategy.

It is unlikely that Defendant will ever be restored to competency because of the nature of his cognitive-intellectual disability and mental defect. *Id.* at 9. Additionally, Defendant was never restored to competency in CF0043-21, and that case was ultimately dismissed. Therefore, transfer to Mental Health Court is appropriate so that Defendant can work on complying with his treatment with the help of GBHWC.

## CONCLUSION AND ORDER

For the above reasons, the Court makes the following findings of fact and conclusions of law:

- Defendant is currently not competent to stand trial and possesses neither the mental competency "(1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." *See* 9 G.C.A. § 7.37(a)(1)–(4).

- The Court accepts Defendant's plea of Not Guilty by Reason of Mental Illness, Disease, or Defect.

- Defendant's case will be transferred to Mental Health Court.

SO ORDERED, this ___3/14/23___ .


_____
f~ HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam